## COMMERCE & ENERGY BANK OF LAFAYETTE

v.

## Herman HANCOCK, Ann Hancock and Herman Hancock Sales, Inc.

### Civ. A. No. 84–1783 "L".

United States District Court, W.D. Louisiana, Lafayette-Opelousas Division.

Feb. 20, 1985.

Gary McGoffin, Lafayette, La., for plaintiffs.

Charles S. Weems, III, Alexandria, La., for defendants.

### MEMORANDUM RULING

DUHE, Judge.

Presently before the Court is a motion by defendants Herman Hancock and Ann Hancock to dismiss plaintiff Commerce and Energy Bank of Lafayette's claims against them for lack of personal jurisdiction. For the reasons set forth below, this Court grants the Hancocks' motion.

---

This suit arose out of a certain business arrangement between plaintiff, a Louisiana bank, and Herman Hancock Sales, Inc. (HHS), a Texas corporation. HHS was to purchase accounts receivable from Pelican Fastener Corporation (Pelican) and remit twenty percent (20%) of the collections made to the plaintiff for application on the pre-existing debt of Pelican Fastener. Plaintiff alleges that it is now due $70,-000.00 under the terms of that agreement.

Herman and Ann Hancock are domiciliaries of Jasper, Texas. They are both stockholders in Pelican, a Louisiana corporation, and HHS. Both are also officers in HHS. The agreement which is the source of this suit was concluded when Herman Hancock, representatives of plaintiff, and others met in Lafayette in February, 1983. The question presented is whether the Hancocks are amenable to the jurisdiction of this Court through their activities in this state.

The Louisiana Long-Arm Statute, La.R.S. 13:3201 et seq., provides in pertinent part:

§ 3201. A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi-offense committed through an act or omission in this state.

### HERMAN HANCOCK

Plaintiff expended a great deal of energy detailing Mr. Hancock's contacts with the State of Louisiana. Except to the extent those activities are related to the cause of action of this suit, they are irrelevant. The Louisiana Long-Arm Statute permits the exercise of jurisdiction over non-residents only on the basis of activities *from which the cause of action arose.* The only activity of Mr. Hancock in Louisiana related to plaintiff's cause of action

was his meeting in February, 1983, with representatives of plaintiff.

In order to assert jurisdiction over Mr. Hancock on the basis of the meeting and agreement in question, "it is necessary to show that he took 'purposeful and affirmative' action on his own behalf and not as a corporate officer, or that he had a relationship" with HHS that justifies imputing its susceptibility to suit in this court to him. *Bamford v. Hobbs,* 569 F.Supp. 160, 164 (S.D.Tex.1983).

The Court in *Bamford* went on to note: "Corporate boundaries are generally respected by the courts. If a corporate officer's only contact with the forum is through the performance of his official duties, he is not, as a consequence therefrom, subject to personal jurisdiction in that forum [citations ommitted]. An individual may have his corporation's contacts with the forum attributed to him only if there is an alter ego relationship between the two that justifies a court in disregarding the separate corporate entity". 569 F.Supp. at 168–169.

The plaintiff's burden in this case thus has been to establish that Mr. Hancock acted as an individual rather than as an officer of HHS, or that Mr. Hancock and HHS are in effect alter egos. Plaintiff has failed to meet this burden. It has only shown that Mr. Hancock personally negotiated the agreement between it and HHS.

### ANN HANCOCK

Ann Hancock is an officer and stockholder of HHS. However, she was not present at the meeting in question in February, 1983, from which the contract and plaintiff's cause of action arose. Indeed, she had not visited Louisiana at all in connection with plaintiff's cause of action. In order for this Court to assert jurisdiction over her, the plaintiff has the burden of establishing that (1) she is an alter ego of HHS, or (2) Herman Hancock acted as her agent to bind her in her individual capacity.

Plaintiff has utterly failed to meet its burden in both respects. It has failed even

to suggest that Ann Hancock is an alter ego of HHS, and while it has suggested that Herman acted as her agent in the February, 1983 meeting, there is no evidence whatsoever to support that assertion.

Plaintiff does expend a great deal of energy detailing Ann Hancock's ownership of stock in the Pelican and Louisiana Plating Corporations. That fact, however, is simply irrelevant. Plaintiff's cause of action arises from the alleged breach of the agreement between it and HHS.

Accordingly, all claims against Mr. and Mrs. Hancock must be dismissed for want of personal jurisdiction.